# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST John LANDA, Attorney at Law.

Supreme Court

*No. 89-0474-D. Filed October 2, 1990.*

(Also reported in 461 N.W.2d 141.)

PER CURIAM.  *Attorney disciplinary proceeding; attorney's license revoked.*

The referee recommended that the license of John Landa to practice law in Wisconsin be revoked for professional misconduct consisting of the conversion to his own use of client funds held in trust and the neglect of a client medical malpractice claim. We accept that recommendation and revoke Attorney Landa's license to practice law. His conversion of client funds violates his fundamental professional duty of honesty to his clients and warrants imposition of the most severe sanction for attorney misconduct.

Attorney Landa was admitted to practice law in Wisconsin in 1972 and practices in Kenosha. He was suspended from the practice of law in October, 1989 for

failure to pay the mandatory assessments for the court's Board of Attorneys Professional Competence and Board of Attorneys Professional Responsibility. He has not previously been the subject of an attorney disciplinary proceeding. The referee in this proceeding is the Honorable John A. Fiorenza, reserve judge.

Based on Attorney Landa's petition for voluntary license revocation filed in this proceeding and upon evidence presented at the disciplinary hearing, the referee found that Attorney Landa engaged in professional misconduct as follows. In 1985, a client executed a durable power of attorney prepared by Attorney Landa's office appointing Attorney Landa her attorney-in-fact and conferring upon him enumerated powers. Beginning in July, 1986 and over the next year, Attorney Landa transferred to his client trust account $49,000 of his client's funds, which he then used to pay expenses of his law practice unrelated to the client's matters. After the Board of Attorneys Professional Responsibility had demanded an accounting from him during its investigation of this matter, Attorney Landa repaid the funds to the client, with interest. As a result of this misconduct, Attorney Landa was convicted in September, 1989 on a no contest plea of theft and sentenced to six months' incarceration, placed on five years' probation and ordered to perform 600 hours of community service.

In another matter, beginning in July, 1986 and continuing to 1988, Attorney Landa and another attorney represented a couple in a medical malpractice action. Following a scheduling conference, the court ordered Attorney Landa and the other attorney to provide a medical report substantiating their client's claim of injury and a list of experts. When the date by which they were to have done so passed and they had not complied with the order, opposing counsel brought a motion for

sanctions. At a hearing on that motion, Attorney Landa testified that he first saw the client in person the day before the due date of the medical report and list of experts and it was then that he became aware of his client's prior hospitalizations and surgeries. Further, although co-counsel had requested all medical records relating to the prior hospitalizations and surgeries, they had not been obtained and without them it was not possible to provide any injury reports or to designate medical experts. Nevertheless, neither Attorney Landa nor co-counsel sought to have the court extend the time for doing so until four months later, in response to the defendants' motion for sanctions. As a result, the court dismissed the medical malpractice action on its merits.

In a third matter, beginning in 1985 and continuing through July, 1988, a client made monthly payments of approximately $2,200 to Attorney Landa so that he would make all mortgage, tax and insurance premium payments on the client's real estate parcel. Attorney Landa failed to make many of those payments and converted a substantial but unspecified amount of the client's funds to his own use.

The referee concluded that Attorney Landa neglected his client's medical malpractice matter, in violation of SCR 20.32(3).[1] The referee also concluded that in the other matters Attorney Landa engaged in conduct involving dishonesty, fraud, deceit or misrepresentation, in violation of SCR 20.04(4),[2] entered into a business

---

[1]SCR 20.32 provides: "A lawyer may not: . . . (3) Neglect a legal matter entrusted to the lawyer."

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

[2]SCR 20.04(4) provides: "**Misconduct.** A lawyer shall not: . . . (4) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation."

■

transaction with a client in which they had differing interests and in which the client expected him to exercise his professional judgment for her protection, in violation of SCR 20.27(1),[3] and commingled funds in his client trust account, in violation of SCR 20.50(1)[4] and SCR 11.05(1).[5]

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:8.4(c).

[3]SCR 20.27 provides:

> **Limiting business relations with a client.** (1) A lawyer may not enter into a business transaction with a client if they have differing interests in that transaction and if the client expects the lawyer to exercise his or her professional judgment in the transaction for the protection of the client, unless the client has consented after full disclosure.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.8(1).

[4]SCR 20.50 provides:

> **Preserving identity of funds and property of a client.** (1) All funds of clients paid to a lawyer or law firm, other than advances for costs and expenses, shall be deposited in one or more identifiable bank accounts maintained in the state in which the law office is situated and no funds belonging to the lawyer or law firm may be deposited in such an account except as follows:
>
> (a) Funds reasonably sufficient to pay bank charges may be deposited in the account.
>
> (b) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited in the account, but the portion belonging to the lawyer or law firm may be withdrawn when due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion may not be withdrawn until the dispute is finally resolved.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[5]SCR 11.05 provides:

> **Trust accounts required.** (1) A member of the state bar shall not commingle the money or other property of a client with his or her own, and he or she shall promptly report to the client the

513

As discipline for that professional misconduct, the referee recommended that Attorney Landa's license to practice law in Wisconsin be revoked, that he be required to pay the costs of this proceeding and that he be required to make restitution to his former clients to the extent the amounts thereof may be established. However, the referee was unable to make a specific recommendation regarding the amount of restitution to be paid.

We adopt the referee's findings of fact and conclusions of law and agree that license revocation is the appropriate discipline to be imposed for Attorney Landa's professional misconduct. In the matter of restitution, our rules require that in order to seek reinstatement of his license Attorney Landa will have to establish that he has made restitution or, if not, explain his failure or inability to do so. SCR 22.28(4)(k).[6]

receipt by him or her of all money and other property belonging to the client. Unless the client otherwise directs in writing, whenever an attorney collects any sum of money upon any action, claim or proceeding, either by way of settlement or after trial or hearing, he or she shall promptly deposit his or her client's funds in a bank, trust company, credit union or savings and loan association, authorized to do business in this state, in an account separate from his or her own account and clearly designated as "Clients' Funds Account" or "Trust Funds Account," or words of similar import . . ..

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.15(a).

[6]SCR 22.28 provides:

**Reinstatement.**

. . .

(4)   The petition for reinstatement shall show that:

. . .

(k)   The petitioner has made restitution or settled all claims from persons injured or harmed by petitioner's misconduct or, if the restitution is not complete, petitioner's explanation of the failure or inability to do so.

IT IS ORDERED that the license of John Landa to practice law in Wisconsin is revoked, effective the date of this order.

IT IS FURTHER ORDERED that within 60 days of the date of this order John Landa pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding.

IT IS FURTHER ORDERED that John Landa comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been revoked.